IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| HANGER PROSTHETICS<br>& ORTHOTICS, INC.,<br><br>  Plaintiff,<br><br>vs.<br><br>KEVIN PRICHARD and<br>ACCURATE PROSTHETICS &<br>ORTHOTICS, INC.,<br><br>  Defendants. | )<br>)<br>)<br>)<br>)<br>)   CASE NO. 04-CV-2527-CM/JPO<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CONSENT ORDER

Plaintiff, through its counsel Scott C. Nehrbass of Foulston Siefkin LLP, and Defendants, through their counsel, Terry D. Criss of Hampton & Royce, L.C., have announced to the Court that they have entered into a settlement agreement which includes, as one of its terms, the entry of this Consent Order:

**I.  Injunction Regarding Non-Competition and Non-Solicitation.**

**A.  Non-Competition Generally.**  Except as provided below in paragraph I.B., from March 7, 2005 through September 7, 2006 (the "Non-Compete Period"), Defendant Kevin Prichard ("Employee") and Defendant Accurate Prosthetics & Orthotics ("Accurate") will not directly or indirectly (whether as employee, director, owner, stockholder, consultant, partner (limited or general) or otherwise) own, manage, control, participate in, consult with, advertise on behalf of, render services for or in any manner engage in any competitive business of fabricating, distributing, wholesaling or retailing of orthotics or prosthetics, or the operation of clinics to fit patients for orthotics

or prosthetics, or any other related non-manufacturing businesses in which the Plaintiff was engaged during the time that Employee was employed with Plaintiff, at any location within

    **1.**    a seventy-five (75) mile radius of Plaintiff's facility at 2500 Canterburg Drive, Suite 110, Hays, Kansas 67601; and

    **2.**    a twenty (20) mile radius of Plaintiff's facility at 645 E. Crawford, Salina, Kansas 67401 (the "Salina Radius").

**B.**    **Competition Within Salina Radius During the "Permitted Time."** Notwithstanding the restrictions in paragraph I.A. above, the following activity shall be permitted within the Salina Radius:

    **1.**    Employee and Accurate shall be permitted to provide any and all professional orthotic and prosthetic services without restriction inside the Salina Radius on Wednesdays, for the entire day, and Thursdays, before noon only, throughout the Non-Compete Period (the "Permitted Time"), and

    **2.**    Accurate shall be permitted to have open a single office inside the Salina Radius during normal business hours throughout the Non-Compete Period, so long as

        **a.**    only administrative staff are present at such office outside the Permitted Time,

        **b.**    no patient-care services whatsoever are rendered at such office outside the Permitted Time, and

  **c.** no orthotics and/or prosthetics professional staff are present at such office outside the Permitted Time, except for the following:

  **i.** Employee shall be permitted to be present at such office outside the Permitted Time for one contiguous three-hour period on Monday of each week and one contiguous three-hour period on Tuesday of each week for the sole purpose of performing administrative tasks (i.e., activities or tasks, such as billing, filing, picking up files, paying bills, that do not involve any form of professional or patient-care services or contacts with patients or referral sources), provided that **(I)** each such three-hour period shall commence immediately upon Employee's initial arrival at such office and terminate three hours later; **(II)** during each such three-hour period, Employee shall not provide any orthotics and/or prosthetics patient-care services whatsoever, including, without limitation, fabrication, modification and/or assembly of any orthotics and/or prosthetics products, but shall provide such services only during the Permitted Time; and **(III)** in the course of Employee's performance of any administrative tasks during such three-hour periods while in the Salina office, (a) Employee shall have no contact whatsoever with any actual

or potential patient or referral source, and (b) no such actual or potential patient or referral source shall be permitted on the premises of such office.

**C.     Non-solicitation Generally.**     Outside the Permitted Time, neither Employee nor Accurate shall solicit any other person to engage in any of the activities which Employee and Accurate are prohibited from performing under paragraphs I.A. or B.  Nor, outside the Permitted Time, shall Employee or Accurate knowingly request, induce or attempt to influence any then existing patient, customer, referral source or supplier of Plaintiff to curtail any business they have, in the 36 months prior to August 27, 2004, been transacting with Plaintiff.  However, nothing herein will prevent Employee or Accurate from, either during or outside the Permitted Time,

**1.**     advertising or displaying or broadcasting advertisements via newspaper, radio, or other media, targeted to the general public and not to specific patients or referral sources of Plaintiff, or

**2.**     being a passive owner of not more than 1% of the outstanding stock of any class of a corporation which is engaged in a business that is competitive with Plaintiff and which is publicly traded, so long as neither Employee nor Accurate have any participation in the business of such corporation.

**D.     Non-Solicitation of Plaintiff's Employees.**     Furthermore, during the Non-Compete Period, Employee and Accurate shall not, without Plaintiff's prior written consent, directly or indirectly, knowingly solicit or encourage or attempt to influence any employee to leave the employment of Plaintiff nor contact any person in the employment

of Plaintiff, except only for inadvertent contact, non-business contact, contact at continuing education seminars, or contact in connection with referrals between Plaintiff and Defendants, a duly authorized transfer of patient records, or another legitimate purpose not competitive in nature.

## II.     Judgment.

A judgment in the amount of Ninety Thousand Dollars ($90,000.00) is hereby entered against Employee and Accurate, with a stay of execution unless or until Employee or Accurate violates the Non-Competition terms set forth in Paragraph I of this Consent Order.  If, through an affidavit of a person with first-hand knowledge, Plaintiff presents evidence of a violation of the Non-Competition terms set forth in Paragraph I of this Consent Order, the stay of execution shall be lifted.

Based upon the parties' stipulation and consent pursuant to Fed. R. Civ. P. 54 and 65, the Court hereby grants judgment in favor of Plaintiff and issues the injunction and judgment set forth herein, with costs and fees taxed to the party incurring them.

IT IS SO ORDERED.

Date:  May 13, 2005                                              s/ Carlos Murguia
                                                                 U.S. DISTRICT JUDGE

Prepared by:

FOULSTON SIEFKIN LLP

By: _/s/ Scott C. Nehrbass_
    Samuel P. Logan,  KS #14832
    Scott C. Nehrbass,  KS #16285
    40 Corporate Woods, Suite 1050
    9401 Indian Creek Parkway
    Overland Park, Kansas 66210-2019
    (913) 498-2100
    (913) 498-2101 Fax
    snehrbass@foulston.com

   *Attorneys for Plaintiff*

Approved by:

H<small>AMPTON</small> & R<small>OYCE</small>, L.C.


By: */s/ Terry D. Criss*
    Terry D. Criss,   KS #13167
    Ninth Floor, United Building
    119 West Iron Street
    P O Box 1247
    Salina, Kansas  67402-1247
    (785) 827-7251
    (785) 827- 2815 Fax
    criss@hamptonlaw.com

    *Attorneys for Defendants*